IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | DOCKET NO. 3:19-CR-00473-S |
| | § | |
| DANIEL R. CANCHOLA, M.D. | § | |

### DEFENDANT'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX AND FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Daniel R. Canchola, M.D., by and through his undersigned counsel, submits this Unopposed Motion to Declare Case Complex and for Continuance and respectfully moves this Court to: (1) Designate this case as complex and exclude time from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(7); and (2) Grant a sixty (60) day continuance of the trial and related pretrial deadlines (Pretrial Motions Deadline, Response/Reply to Pretrial Motions Deadline, Pretrial Material Deadline, and Pretrial Conference) in the above styled and captioned matter. In support of this motion, the Defendant respectfully submits that the Court should consider the factors set forth below in support of the designation of this matter as a complex case.

In relevant part, the Speedy Trial Act, codified at Title 18, United States Code, Section 3161(c)(1), states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and the making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

The Speedy Trial Act allows for the exclusion of time from within which to proceed to trial based on a continuance granted by the Court on the Court's own motion, at the request of the defendant,

or at the request of the government, where the Court issues findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) sets forth the factors the Court should consider when determining whether to exclude time.

Where the Court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the Court may exclude time as necessary to serve the ends of justice. *See* 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii). The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial. *See United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985). The nature of the prosecution in this case presents a complex matter and, as such, the Defendant submits that the Court should designate this case as complex.

Moreover, as the Supreme Court has explained in *Zedner v. United States*, 547 U.S. 489, 498 (2006):

> Much of the Act's flexibility is furnished by [§ 3161(h)(8), now recodified at § 3161(h)(7)(A)], which governs ends-of-justice continuances. … This provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case specific needs.

Thus, the Court must make findings on the record to support the determination that a case should be designated an unusual or complex case which justifies a continuance excludable from Speedy Trial Act calculations. *See id.*, 547 U.S. at 508 ("[I]f a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance

must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed.").

The Defendant submits that this case should be designated as complex due to the nature of the allegations, as well as the voluminous nature of the discovery that exists in this matter. As set forth in the Indictment, the Defendant is alleged to have engaged in a complex scheme involving millions of dollars' worth of allegedly false or fraudulent claims submitted to Federal healthcare benefit programs. These allegations are the result of an investigation involving various other individuals and entities, located across multiple states, as well as the review and analysis of extremely voluminous records. Given the complicated nature of this case and the voluminous nature of the discovery, it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

Accordingly, the Defendants submit this case should be designated as a complex case, and that the time from the entry of the Defendant's plea in this case until a new trial date is set, consistent with the sixty (60) day continuance requested herein, or such later date as agreed upon by the Court and the parties, be excluded under 18 U.S.C. § 3161(h)(7)(B)(ii), as the ends of justice outweigh the interests of the public and the Defendant in a speedy trial. *See, e.g., United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (concluding that the district court satisfied the requirements for an ends-of-justice exclusion under the Speedy Trial Act, where the district court designated the case as "unusual and complex" and stressed that a co-defendant's illness and the high volume of discovery necessitated a continuance to assist his attorney to prepare for trial); *United States v. Banks*, 761 F.3d 1163, 1177 (10th Cir. 2014) (upheld ends-of-justice continuance where "the investigation underlying the charges at issue spanned several years, involved the production of thousands of documents, and implicated Defendants in crimes involving forty-two

Defendant's Unopposed Motion to Declare Case Complex and for Continuance
Page 3 of 5

victim companies"); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985) (finding no abuse of discretion in granting continuance due to complexity of the case, where "the case involved six defendants and thousands of financial documents [that] had been secured through discovery").

## CONCLUSION

For all the foregoing reasons, the Defendant respectfully requests that this Court issue an Order: (1) Designating this case as complex and excluding time from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(7); and (2) Granting a sixty (60) day continuance of the trial and related pretrial deadlines (Pretrial Motions Deadline, Response/Reply to Pretrial Motions Deadline, Pretrial Material Deadline, and Pretrial Conference) in the above styled and captioned matter.

Respectfully submitted,

*/s/ Daniel K. Hagood, P.C.*

**DANIEL K. HAGOOD, P.C.**
Texas Bar No. 08698300

**ALEXANDRA HUNT**
Texas Bar No. 24095711

2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
dhagood@sorrelshagood.com
ahunt@sorrelshagood.com

COUNSEL FOR DEFENDANT CANCHOLA

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2019, a true and correct copy of the above and foregoing document was filed electronically with the Clerk of the U.S. District Court for the Northern District of Texas to be served upon all counsel of record by the Court's electronic filing system.

           */s/ Daniel K. Hagood, P.C.*
           DANIEL K. HAGOOD, P.C.

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 5th day of November, 2019, I conferred with US DOJ Trial Attorney Brynn Schiess regarding the above and foregoing document and that she is unopposed to the filing of same.

           */s/ Daniel K. Hagood, P.C.*
           DANIEL K. HAGOOD, P.C.