# United States District Court
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 3:19-CR-00473-S |
| | § | |
| DANIEL R CANCHOLA (1) | § | |
| | § | |

## ORDER

This Order addresses Defendant's Unopposed Motion to Declare the Case Complex and for Continuance filed November 5, 2019 [ECF No. 23]. For the following reasons, the Court grants the Motions.

The Court finds that this is a complex case, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii), because the overall investigation involves complex issues and voluminous evidence. The allegations at issue involve a multi-million-dollar scheme facilitated by allegedly false or fraudulent claims submitted to Federal healthcare benefits programs. It is unreasonable, therefore, to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act. Thus, the Court agrees with Defendants that the case is a "complex case" and should be taken out of the ordinary structures of the Speedy Trial Act.

The Court further grants the parties' request for a continuance and the exclusion of time from within which to proceed to trial. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court can grant an "ends of justice" continuance at the request of a defendant or defendant's attorney if the Court does so on the basis of finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* One of the factors the Court may consider in granting an "ends of justice" continuance is "[w]hether the failure to grant such a

continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

For the reasons set out in the Motion, the Court finds that (1) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendant in a speedy trial; (2) the failure to grant a continuance in this case would deny defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (3) taking into account the exercise of due diligence by defense counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

Based on this Order, the trial of this case is reset to **March 30, 2020, at 9:00 a.m.** Pretrial filings are now due **March 13, 2020**. Pretrial motions are due no later than **February 24, 2020**. The pretrial conference is scheduled on **March 27, 2020, at 10:00 a.m.**

**SO ORDERED.**

SIGNED November 5, 2019.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**