
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR-473 |
| DANIEL R. CANCHOLA, M.D. (01) | |

BAS
LAM
ODC

## AMENDED PLEA AGREEMENT



Daniel R. Canchola, M.D., the defendant; Daniel Hagood, Alexandra Hunt, and Joseph Nascimento, the defendant's attorneys; and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have the defendant's guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offenses alleged in Count One of the Superseding Indictment, charging a violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343), that is, Conspiracy to Commit Wire Fraud. The defendant understands the nature and elements of the crime to



which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

    3.    **Sentence**: The maximum penalties the Court can impose include:

        a.    imprisonment for a period not to exceed twenty years;

        b.    a fine not to exceed $ 250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

        c.    a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100.00;

        e.    restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

        f.    costs of incarceration and supervision; and

        g.    forfeiture of property.

    4.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to

withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the United States District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense of conviction, including relevant conduct, or any information the defendant must provide related to this agreement.

7. **Restitution**: The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense(s) of conviction, including all relevant conduct, in an amount to be determined by the Court. The defendant agrees that, for purposes of this Plea Agreement, restitution for relevant conduct shall include all acts and omissions described in U.S.S.G. § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in U.S.S.G. § 3D1.2 might apply to computation of the advisory imprisonment range. By entering into this plea agreement, the defendant represents that she additionally agrees to the following:

    a. **Due and payable immediately:** The defendant fully understands that any financial obligation imposed by the Court for restitution, fines, and/or special assessments, is due and payable immediately.

b. **Financial Disclosures:** Within 15 days of the execution of this plea agreement, the defendant shall submit an accurate and complete personal financial statement under oath, which statement shall include all requested support documents and may be shared between and among the government and the USPO as needed for collection of any financial obligations. The defendant shall also complete additional financial statements on demand by the USPO, the Court, or the government, until his debt is paid in full. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c. **Asset Liquidation:** The defendant agrees to fully cooperate with the government in the liquidation of assets to be applied towards any financial obligations imposed in this case. The defendant understands the government will review all financial disclosures submitted and require the defendant to make good-faith efforts toward payment of all financial obligations imposed by this Court. The defendant will work with the Financial Litigation Unit of the U.S. Attorney's Office to create a liquidation plan, which may include (A) making payments to the Clerk for the upcoming restitution judgment as early as possible; (B) entering into an asset preservation agreement and/or payment plan with the government to preserve assets for restitution and/or facilitate pre-judgment payment of restitution.

d. **Payment schedule does not alter the United States' ability to collect:** In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant's financial obligation does not end with any term supervised release or probation.

e. **Treasury Offset Program:** The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

  f. **Joint and several liability:** The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

  8. **Defendant's agreement**: The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense(s) of conviction, including all relevant conduct, in an amount to be determined by the Court. The defendant consents to the entry of an order directing him to pay restitution in full to any person or entity that would qualify as a victim under 18 U.S.C. §§ 3663 or 3663A. The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Within 15 days of the execution of this agreement, the defendant shall submit a personal financial statement under oath to the United States Attorney's Office. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the government to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees

that such a schedule represents a minimum payment obligation and does not preclude the government from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

9.  **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty. The defendant agrees that this property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), and 28 U.S.C. § 2461(c). The defendant agrees to the entry of a forfeiture money judgment of $466,380. This amount is the value of property that facilitated, was involved in, or that the defendant obtained from the offense that is not available for forfeiture because of the defendant's acts or omissions. The defendant agrees that such property 1) cannot be located upon the exercise of due diligence; 2) has been transferred or sold to, or deposited with, a third party; 3) has been placed beyond the court's jurisdiction; or 4) has been commingled with other property which cannot be divided without difficulty as provided under 21 U.S.C. § 853(p). Payments toward the forfeiture judgment shall be made to the United States Marshals Service, 1100 Commerce Street, Room 1657, Dallas, Texas 75242, (214) 767-0836. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and money judgment and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations;

and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10. **Exclusion from Medicare and other federal health care programs**: The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

11. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges pending in the Superseding Indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and United States Department of Justice, Criminal Division, Fraud Section and does not bind any other federal, state, or local prosecuting

authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine, and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error

at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

(Continued on the next page.)

AGREED TO AND SIGNED this 25th day of OCT, 2022.

                                      CHAD E. MEACHAM
                                      UNITED STATES ATTORNEY

                                      GLENN S. LEON
                                      CHIEF, FRAUD SECTION

                                      Brynn A. Schiess
                                      Acting Assistant Chief
                                      Fraud Section, Criminal Division
                                      Department of Justice
                                      Pennsylvania Bar No. 320654
                                      1100 Commerce Street, Suite 300
                                      Dallas, Texas 75242
                                      (202) 374-3484
                                      Brynn.Schiess@usdoj.gov

(Continued on the next page.)

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand and voluntarily agree to it.

_____         Date  10/25/2022
Daniel R. Canchola
Defendant


I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.


_____         25 OCT 2022
Daniel Hagood                            Date
Attorney for Defendant

_____         10-25-2022
Alexandra Hunt                           Date
Attorney for Defendant


_____         _____
Joseph E. Nascimento                     Date
Attorney for Defendant

Plea Agreement—Page 11